# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAVID COURTNEY ZELLER,                    *

Plaintiff                                 *

v                                         *          Civil Action No. PWG-18-2650

DR. YIYA ZHOU,                            *

Defendant                                 *

                                           ***

## MEMORANDUM OPINION

Maryland inmate David Courtney Zeller, who is representing himself in this action, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that Dr. Yiya Zhou, a dentist, performed unnecessary oral surgery on him at Roxbury Correctional Institution ("RCI") in 2012. Compl., ECF No. 1; Am. Compl., ECF No. 10. Zeller also filed a Motion to Proceed *in Forma Pauperis*, which I granted. ECF Nos. 2, 6, 8. After filing the Complaint, Zeller submitted a second complaint written on a pre-printed § 1983 form, which largely reiterates his claims in the initial complaint and shall be treated as an amended complaint. Am. Compl. Dr. Zhou has filed a Motion to Dismiss, contending that Zeller failed to file a certificate of qualified expert in compliance with the mandatory provisions of the Maryland Health Care Malpractice Claims Act ("HCMCA"), Md. Code. Ann., Cts. & Jud. Proc. § 3-2a. Mot. to Dismiss, ECF No. 21. Zeller filed an opposition to the motion., ECF No. 24, and Dr. Zhou filed a reply, ECF No. 25. Also pending is Zeller's Motion to Appoint Counsel, ECF No. 23, which will be denied.[1] The matter is ripe for review. A hearing

---

[1] Zeller requests appointment of counsel because he has filed "many" cases in this Court and suffers from mental illness, making it difficult for him to effectively manage his litigation. ECF No. 23. It is true that Zeller is a frequent *pro se* litigant, and, in fact, this Court has approved his request for pro bono counsel in another pending case. *See* Mem. Op., *Zeller v. Wexford Health*

is not necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, I will grant the Motion to Dismiss.

## BACKGROUND

Zeller, who is presently incarcerated at Western Correctional Institution, in Cumberland, Maryland, initiated this action on August 23, 2018. His Complaint alleged that "[s]tarting in April/May of 2012, [he] underwent unnecessary oral surgery procedures by DDS Dentist Doctor Zhou." Compl. 4, ECF No. 1. Zeller did not specify the nature of the purportedly unnecessary procedure. He has asserted that "only later in Spring of 2016 by DDS Doctor Azizz Andrews [sic] examination was [he] told that Dr. Zhou had ruined [his] mouth through malpractice." *Id.* Zeller alleged that, as a result, he was unable to wear his bottom dentures. *Id.* at 4-5. He stated that several dentists tried but were unable to refit him for a bottom denture, until the problem was diagnosed. At the time he filed the Complaint, Zeller was scheduled to receive dental implants. *Id.* at 5. He asserted that this corrective surgery would be complicated, that it would take six months for him to heal, and that he would be "forced to survive on nothing [but] a specially prepared medically ordered diet consisting of all meals being pureed." Suppl. 2, ECF No. 5. The Complaint sought $150,000 in damages for each year he has suffered pain and mental duress. Compl. 4. The Amended Complaint raises the amount of damages requested to $1.2 million. *See*

---

*Sources, Inc.*, No. PWG-17-3136 (D. Md. Mar. 11, 2019), ECF No. 25. There, however, the case was proceeding to discovery, and the Court concluded that assistance was needed to "obtain additional medical records and to discern the names of medical providers and state corrections officials who may have been involved in the issues alleged." *Id.* at 7. Here, by contrast, discovery has not commenced, and Zeller has not explained why he is unable to litigate this particular case on his own. His motions and previous filings demonstrate his ability to present the legal and factual basis of his claims or to secure assistance in doing so. Zeller has shown that he is able to communicate with the Court and respond to orders. His multiple cases and mental health condition do not, as presented here, amount to exceptional circumstances warranting appointment of counsel. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). His motion is therefore denied.

Am. Compl. 3.

On February 7, 2019, Dr. Zhou submitted a letter acknowledging that he treated Zeller at RCI but denying any fault. ECF No. 19. The letter explains that, ordinarily, when decay has extended to the pulp or nerve, a dentist would perform root canal therapy in hopes of saving the tooth. *See id.* This, however, "is definitely not routine[] practice in the prison system because after root canal therapy the patient must get a crown to protect the tooth[,] and there is no way Mr. Zeller can obtain a crown while in prison." *Id.* Therefore, Dr. Zhou wrote, "[t]o avoid abscess happening throughout the mouth the non-restorable teeth must be extracted." *Id.* The letter stated that before teeth are extracted, an inmate must sign a form consenting to the procedure. *Id.* Dr. Zhou stated that Zeller's denture was delivered to him near the end of 2012, and Zeller indicated in writing that the denture fit and was comfortable. *Id.*

On February 25, 2019, Dr. Zhou, through counsel, filed a Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure for failure to file a certificate of qualified expert as required by the HCMCA, Md. Code Ann., Cts. & Jud. Proc. § 3-2a. Mot. to Dismiss. The motion does not specify which subsection of Rule 12 applies. *Id.*

### STANDARD OF REVIEW

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be filed at any time, *see* Fed. R. Civ. P. 12(h)(3), and "the court may consider extrinsic evidence" on a 12(b)(1) motion. *United States ex rel. Ackley v. Int'l Bus. Machs. Corp.*, 76 F. Supp. 2d 654, 659 (D. Md. 1999).

This Court, however, has determined that the "prefiling requirement" of a valid certificate under the HCMCA "is most appropriately analyzed under Rule 12(b)(6) and treated as a substantive element of state law," rather than as a jurisdictional requirement, while noting that "the

consideration of matters outside the pleadings converts [the motion] to a motion for summary judgment." *Webster v. Simmonds*, No. DKC 2003–3306, 2005 WL 14886, at *2 (D. Md. Jan. 3, 2005) (denying motion to dismiss); *see Hanlin–Cooney v. Frederick Cty.*, No. WDQ–13–1731, 2014 WL 576373, at *5, *8 (D. Md. Feb. 11, 2014) (dismissing medical malpractice claim under 12(b)(6) for failure to exhaust claim under HCMCA); *Elnadi v. Upinder Singh, DDS, PC*, No. ELH–12–1762, 2013 WL 1855977, at *2–*3 (D. Md. 2013) (considering 12(b)(1) motion as a 12(b)(6) motion because "[t]he Maryland Court of Appeals has made clear that certain requirements under the HCMCA . . . are conditions precedent to the filing of a medical malpractice suit in court, but do not constitute a jurisdictional limitation"). The "HCMCA's preconditions to suit are substantive." *Zander v. United States*, 843 F. Supp. 2d 598, 605 (D. Md. 2012) (acknowledging precedent applying Rule 12(b)(6) standard but applying 12(b)(1) standard in context of Federal Tort Claims Act claim where the application made "little practical difference" because the Court did not consider extrinsic evidence).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). When deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents "integral to the complaint." *Sec'y of State for Defence v. Trimble Navigation*

*Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). All well–pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994) (plurality opinion), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).

The pleadings of pro se litigants are liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court, however, cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

### I.    Jurisdiction

As a threshold consideration, the court must first determine whether it has jurisdiction over this matter. Federal courts "may not exercise jurisdiction absent a statutory basis," *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005), and "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). A court presumes that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper. *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Federal courts have original jurisdiction over civil cases, with some exceptions not relevant here, in two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction, where the parties in the case are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C.

§ 1332. If at any time the court determines that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Zeller filed this action pursuant to 42 U.S.C. § 1983, which requires a plaintiff to allege a violation of a right secured by the Constitution and laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To the extent that Zeller pleads a state law tort claim, this court may not review it because he has not established subject matter jurisdiction. This court may review a state law claim only pursuant to diversity jurisdiction—specifically, if the dispute is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a) (2012). Here, Zeller does not allege diversity of citizenship of the parties, and it is likely that Zeller, who was convicted and is incarcerated in Maryland,[2] and Dr. Zhou, who maintains an office in and was served in Maryland, are citizens of Maryland, thereby defeating diversity. Because diversity jurisdiction has not been established, any state law claim for medical malpractice must be dismissed.

Dental care is considered medical care, the denial of which can constitute an Eighth Amendment violation when prison authorities are deliberately indifferent to an inmate's serious medical needs. *See Estelle*, 429 U.S. at 105; *see also Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) ("Dental care is one of the most important medical needs of inmates." (quoting *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980))). Even if the Court assumes for the sake of argument that Zeller intends to raise an Eighth Amendment claim under 42 U.S.C. § 1983 for deliberate indifference, his allegations are based on his disagreement with Dr. Zhou over the appropriate level

---

[2] On November 22, 2010, Zeller pleaded guilty in the Circuit Court for Washington County to robbery and was sentenced to 10 years of incarceration. *See* Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/casesearch/inquiry-index.jsp (search case number "21-K-10-044233"). Dr. Zhou lives in and practices dentistry in Maryland. ECF Nos. 13, 17.

of care he received. A mere disagreement between the inmate and medical provider does not establish an Eighth Amendment violation absent exceptional circumstances. *See Estelle*, 429 U.S. at 106 (allegations sufficient to support medical malpractice alone do not support a cognizable § 1983 claim); *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."). In order to be liable under the Eighth Amendment, a defendant must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998); *Stokes v. Hurdle*, 393 F. Supp. 757, 762 (D. Md. 1975) (holding that a difference of opinion concerning dental care did not support an Eighth Amendment violation because "even if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention"), *aff'd*, 535 F.2d 1250 (4th Cir. 1976). The right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977); *see also King v. United States*, 536 F. App'x 358, 362-63 (4th. Cir. 2013) (finding prison dental staff failure to perform a root canal procedure was not deliberate indifference).

Zeller does not claim, nor do his allegations suggest, that Dr. Zhou acted with deliberate indifference to his medical needs. Zeller's disagreement with his treatment and disappointment with its outcome do not amount to a claim of constitutional proportion. Zeller's allegations provide no grounds for federal question jurisdiction.

## II. State Conditions Precedent for filing a Malpractice Claims

Even if diversity jurisdiction could be established, Zeller's medical malpractice claim would be subject to dismissal for failure to state a claim upon which relief may be granted for failure to comply with certain conditions precedent. Under Maryland law, a plaintiff in a medical malpractice action must file a Statement of Claim and a Certificate of Qualified Expert in the Health Claims Alternative Dispute Resolution Office ("HCADRO") of Maryland as a condition precedent to proceeding with the claim in court. The certificate of a qualified expert must attest to the Defendant's departure from the applicable standard of care and that Defendant proximately caused Plaintiff's injury. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-2a-04(b)(1). A claimant also must exhaust a state arbitration remedy as a precondition to bringing a civil action on the claim in state or federal court. *See* § 3-2A-04; *Rowland v. Patterson*, 882 F.2d 97, 97 (4th Cir. 1989). A malpractice action must be dismissed if a plaintiff does not comply with these requirements.

Zeller does not allege or provide evidence that he complied with these pre-filing conditions. Dr. Zhou moves to dismiss the claims against him because Zeller has not filed any claim with the HCADRO and has not filed a certificate or report against him, and Zeller does not deny these assertions in his opposition. Accordingly, the Complaint fails to state a claim upon which relief can be granted.

### CONCLUSION

For these reasons, the Court will by separate Order dismiss this case for lack of jurisidiction.

_____
Date

Paul W. Grimm
United States District Judge